UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANNETTE C. COCHRAN,<br><br>    Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security,<br><br>    Defendant. | Case No. EDCV 14-01165-JEM<br><br>MEMORANDUM OPINION AND ORDER AFFIRMING DECISION OF THE COMMISSIONER OF SOCIAL SECURITY |

**PROCEEDINGS**

On June 16, 2014, Annette C. Cochran ("Plaintiff" or "Claimant") filed a complaint seeking review of the decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's applications for Social Security Disability and Disability Insurance benefits and for Supplemental Security Income ("SSI") benefits. The Commissioner filed an Answer on September 17, 2014. On November 24, 2014, the parties filed a Joint Stipulation ("JS"). The matter is now ready for decision.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before this Magistrate Judge. After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision must be affirmed and this case dismissed with prejudice.

## BACKGROUND

Plaintiff is a 64-year-old female who applied for Social Security Disability Insurance benefits and Supplemental Security Income benefits on October 13, 2011. (AR 12.) The ALJ determined that Plaintiff has not engaged in substantial gainful activity since October 13, 2011, the alleged onset date. (AR 14.)

Plaintiff's claims were denied initially on February 28, 2012 and on reconsideration on September 18, 2012. (AR 12.) Plaintiff filed a timely request for hearing, which was held before Administrative Law Judge ("ALJ") Joseph D. Schloss on May 1, 2013 in Moreno Valley, California. (AR 12.) Claimant appeared and testified at the hearing and was represented by counsel. (AR 12.) Vocational expert ("VE") Corinne J. Porter also appeared and testified at the hearing. (AR 12.)

The ALJ issued an unfavorable decision on May 20, 2013. (AR 12-22.) The Appeals Council denied review on April 9, 2014. (AR 1-3.)

## DISPUTED ISSUES

As reflected in the Joint Stipulation, Plaintiff raises the following disputed issues as grounds for reversal and remand:

1. Whether the ALJ properly considered Plaintiff's treating physician's opinion.
2. Whether the ALJ properly considered Plaintiff's testimony and made proper credibility findings.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error. Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards).

Substantial evidence means "'more than a mere scintilla,' but less than a preponderance." Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Substantial evidence is "such

relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (internal quotation marks and citation omitted).

This Court must review the record as a whole and consider adverse as well as supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

## THE SEQUENTIAL EVALUATION

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Commissioner has established a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantial gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is engaging in substantial gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137, 140 (1987). Second, the ALJ must determine whether the claimant has a severe impairment or combination of impairments. Parra, 481 F.3d at 746. An impairment is not severe if it does not significantly limit the claimant's ability to work. Smolen, 80 F.3d at 1290. Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in 20 C.F.R. Pt. 404, Subpt. P, Appendix I of the regulations. Parra, 481 F.3d at 746. If the impairment meets or equals one of the listed impairments, the claimant is presumptively disabled. Bowen, 482 U.S. at 141.

Fourth, the ALJ must determine whether the impairment prevents the claimant from doing past relevant work. Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir. 2001). Before making the step four determination, the ALJ first must determine the claimant's residual functional capacity ("RFC"). 20 C.F.R. § 416.920(e). The RFC is "the most [one] can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The RFC must consider all of the claimant's impairments, including those that are not severe. 20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p.

If the claimant cannot perform his or her past relevant work or has no past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000). The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits. Parra, 481 F.3d at 746. Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity. Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006). To support a finding that a claimant is not disabled at step five, the Commissioner must provide evidence demonstrating that other work exists in significant numbers in the national economy that the claimant can do, given his or her RFC, age, education, and work experience. 20 C.F.R. § 416.912(g). If the Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits. Id.

**THE ALJ DECISION**

In this case, the ALJ determined at step one of the sequential process that Plaintiff has not engaged in substantial gainful activity since October 13, 2011, the alleged onset date. (AR 14.)

At step two, the ALJ determined that Plaintiff has the following medically determinable severe impairments: osteoarthritis, arthritis, degenerative disc disease of the lumbar spine, and fibromyalgia. (AR 14-16.)

At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. (AR 16.)

The ALJ then found that Plaintiff has the RFC to perform medium work as defined in 20 C.F.R. §§ 404.1567(c) and 416.967(c) with the following limitations:

> . . . Claimant can lift and/or carry 50 pounds occasionally and 25 pounds frequently; she can stand and/or walk for 6 hours out of an 8-hour workday with regular breaks; she can sit for 6 hours out of an 8-hour workday with regular breaks; she is unlimited with respect to pushing and/or pulling, other than as indicated for lifting and/or carrying; she can frequently kneel, stoop, crawl, crouch, balance, and climb.

(AR 16-20.) In determining the above RFC, the ALJ made an adverse credibility determination. (AR 18.)

At step four, the ALJ found that Plaintiff is able to perform her past relevant work as a cashier and apartment manager. (AR 20-21.)

Consequently, the ALJ found that Claimant was not disabled, within the meaning of the Social Security Act. (AR 21.)

**DISCUSSION**

The ALJ decision must be affirmed. The ALJ properly considered the medical evidence and properly discounted Plaintiff's alleged subjective symptoms. The ALJ's RFC is supported by substantial evidence. The ALJ's nondisability determination is supported by substantial evidence and free of legal error.

5

## I. THE ALJ PROPERLY REJECTED THE OPINION OF PLAINTIFF'S TREATING PHYSICIAN

Plaintiff contends the ALJ erred in rejecting the opinion of Plaintiff's treating physician Dr. Hemchand Kelli. The Court disagrees.

### A. Relevant Federal Law

The ALJ's RFC is not a medical determination but an administrative finding or legal decision reserved to the Commissioner based on consideration of all the relevant evidence, including medical evidence, lay witnesses, and subjective symptoms. See SSR 96-5p; 20 C.F.R. § 1527(e). In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record, including medical records, lay evidence, and the effects of symptoms, including pain reasonably attributable to the medical condition. Robbins, 446 F.3d at 883.

In evaluating medical opinions, the case law and regulations distinguish among the opinions of three types of physicians: (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (non-examining, or consulting, physicians). See 20 C.F.R. §§ 404.1527, 416.927; see also Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995). In general, an ALJ must accord special weight to a treating physician's opinion because a treating physician "is employed to cure and has a greater opportunity to know and observe the patient as an individual." Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989) (citation omitted). If a treating source's opinion on the issues of the nature and severity of a claimant's impairments is well-supported by medically acceptable clinical and laboratory diagnostic techniques, and is not inconsistent with other substantial evidence in the case record, the ALJ must give it "controlling weight." 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2).

Where a treating doctor's opinion is not contradicted by another doctor, it may be rejected only for "clear and convincing" reasons. Lester, 81 F.3d at 830. However, if the treating physician's opinion is contradicted by another doctor, such as an examining

6

physician, the ALJ may reject the treating physician's opinion by providing specific, legitimate reasons, supported by substantial evidence in the record. Lester, 81 F.3d at 830-31; see also Orn, 495 F.3d at 632; Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002). Where a treating physician's opinion is contradicted by an examining professional's opinion, the Commissioner may resolve the conflict by relying on the examining physician's opinion if the examining physician's opinion is supported by different, independent clinical findings. See Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995); Orn, 495 F.3d at 632. Similarly, to reject an uncontradicted opinion of an examining physician, an ALJ must provide clear and convincing reasons. Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005). If an examining physician's opinion is contradicted by another physician's opinion, an ALJ must provide specific and legitimate reasons to reject it. Id. However, "[t]he opinion of a non-examining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician"; such an opinion may serve as substantial evidence only when it is consistent with and supported by other independent evidence in the record. Lester, 81 F.3d at 830-31; Morgan, 169 F.3d at 600.

**B.     Analysis**

Plaintiff Annette Celia Cochran has the medically determinable severe impairments of osteoarthritis, arthritis, degenerative disc disease of the lumbar spine and fibromyalgia. (AR 14.) Plaintiff alleges she can lift less than 10 pounds and stand up to 10 minutes only, and has difficulty walking, bending, reaching, sitting, kneeling and using her hands. (AR 17.) She also alleges migraines and problems with concentration. (AR 17.) Nonetheless, the ALJ assessed Plaintiff with a medium work RFC except she can sit, stand and/or walk only 6 hours in an 8 hour workday and only frequently kneel, stoop, crawl, crouch, balance and climb. (AR 16.)

Substantial evidence supports the ALJ's RFC. In a January 27, 2012 internal medicine evaluation, consulting examiner and internist Dr. Brian To found Plaintiff to have normal muscle tone and mass, and normal range of motion of all extremities. (AR

293.) He noted degenerative changes in the lumbar spine without significant annular bulging. (AR 294.) He diagnosed Plaintiff with back pain, history of fibromyalgia and depression. (AR 19, 295.) He assessed Plaintiff with a medium RFC with frequent postural limitations. (AR 19, 295.) Similarly, consulting orthopedic surgeon Dr. Vincente Bernabe in a February 27, 2013 report noted that despite Plaintiff's complaints of back pain and extremity pain she presented in no acute or chronic distress. (AR 300, 301.) Her gait was normal and she did not use any assistive device to ambulate. (AR 19, 301.) He found full range of motion without tenderness or pain in Plaintiff's cervical and thoracic spine. (AR 302.) MRI imaging indicated moderate degenerative changes in the lumbar spine (AR 300) and tenderness. (AR 19, 302.) Range of motion was full and painless in both upper and lower extremities. (AR 302.) He diagnosed degenerative disc disease and cervical, thoracic and lumbar musculoligamentous strain. (AR 19, 303.) He too gave a medium work RFC assessment with frequent posturals. (AR 19, 304.)

Two State reviewing physicians also provided medium work RFC assessments. (AR 20, 52-53, 78.) The ALJ gave great weight to the assessments of Dr. To, Dr. Bernabe and the State agency physical consultants in determining Plaintiff's physical RFC. (AR 20.) The ALJ also gave great weight to State agency psychological consultants who concluded Claimant's mental impairments are nonsevere (AR 20), with only mild limitations in activities of daily living, social functioning and concentration, persistence and pace. (AR 15.) The ALJ further found no objective medical evidence for Plaintiff's alleged migraines, including no medical signs or laboratory findings and no medical source opinions. (AR 15.)

Plaintiff relies on a brief note from Dr. Kelli dated November 1, 2011: "per patient's condition she is only [able] to work one day out of the week, and light duty." (AR 19, 20, 285.) This disabling assessment apparently is based on MRI findings showing degenerative changes in the lumbar spine. (AR 277-290.) The ALJ assigned little weight to Dr. Kelli's opinion. (AR 20.) Plaintiff alleges that the ALJ did not provide

specific, legitimate reasons for discounting Dr. Kelli's opinion. Quite to the contrary, the ALJ first noted that Dr. Kelli's opinion was "not consistent with the record as a whole." (AR 20.) Plaintiff challenges this finding, citing to various imaging studies and medical evidence of impairments, but fails to present any functional assessments that are inconsistent with the opinions of the numerous other physicians who assessed Plaintiff with a medium RFC. The contradictory opinions of other physicians provide specific, legitimate reasons for rejecting a physician's opinion. Tonapetyan v. Halter, 242 F.3d 1144, 1150 (9th Cir. 2001). Plaintiff makes no mention of this substantial contrary medical evidence.

Second, the ALJ noted that Claimant "continuously received conservative treatment in the form of pain medications and no further aggressive treatment has been recommended." (AR 20.) Plaintiff argues there is no evidence Plaintiff was not following her treatment plan which was only taking medication. This argument misses the ALJ's point that mere medication and no further aggressive treatment is inconsistent with disabling impairments. (AR 18.)

Third, the ALJ cited activities of daily living, such as preparing simple meals, washing dishes, making her bed and picking up mail, that are inconsistent with disabling impairments. (AR 20.) The ALJ also found that Plaintiff has engaged in a somewhat normal level of activity. (AR 17.) Plaintiff never responded to this evidence. An inconsistency between a doctor's opinion and Plaintiff's own observed abilities is a reason for not relying on the opinion. Bayliss, 427 F.3d at 1216.

Plaintiff also asserts that the ALJ had a duty to recontact Dr. Kelli to obtain clarification of his terse note and/or additional evidence than provided in the note. Quite to the contrary, the ALJ's duty to conduct further inquiry is triggered only when the evidence is ambiguous or inadequate to allow proper evaluation of the evidence. Mayes v. Massanari, 276 F.3d 453, 459-60 (9th Cir. 2001). What matters is not the insufficiency of Dr. Kelli's note but the adequacy of the record as a whole. Id. at 460 ("the record before the ALJ was neither ambiguous nor inadequate for proper evaluation

of the evidence"); Bayliss, 427 F.3d at 1217 (no duty to recontact doctors because the ALJ with support in the record found the evidence adequate to make a determination regarding disability). Here, with the medium work RFC assessments of Dr. To, Dr. Bernabe and two State agency medical reviewers, the ALJ properly viewed the record as sufficient to determine Plaintiff's RFC. There was no duty to recontact Dr. Kelli.

Plaintiff disputes the ALJ's evaluation of the record in discounting Dr. Kelli's opinion but it is the ALJ's responsibility to resolve conflicts in the medical evidence and ambiguities in the record. Andrews, 53 F.3d at 1039. Where the ALJ's interpretation of the medical evidence and the record is reasonable as it is here, it should not be second-guessed. Rollins v. Massanari, 216 F.3d 853, 857 (9th Cir. 2001).

The ALJ rejected Dr. Kelli's opinion for specific, legitimate reasons supported by substantial evidence.

## II. THE ALJ PROPERLY DISCOUNTED PLAINTIFF'S SUBJECTIVE SYMPTOMS

Plaintiff contends the ALJ erred in discounting the credibility of Plaintiff's subjective symptoms. The Court disagrees.

### A. Relevant Federal Law

The test for deciding whether to accept a claimant's subjective symptom testimony turns on whether the claimant produces medical evidence of an impairment that reasonably could be expected to produce the pain or other symptoms alleged. Bunnell v. Sullivan, 947 F.2d 341, 346 (9th Cir. 1991); see also Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998); Smolen, 80 F.3d at 1281-82 esp. n.2. The Commissioner may not discredit a claimant's testimony on the severity of symptoms merely because they are unsupported by objective medical evidence. Reddick, 157 F.3d at 722; Bunnell, 947 F.2d at 343, 345. If the ALJ finds the claimant's pain testimony not credible, the ALJ "must specifically make findings which support this conclusion." Bunnell, 947 F.2d at 345. The ALJ must set forth "findings sufficiently specific to permit the court to conclude

that the ALJ did not arbitrarily discredit claimant's testimony." Thomas, 278 F.3d at 958; see also Rollins, 261 F.3d at 856-57; Bunnell, 947 F.2d at 345-46. Unless there is evidence of malingering, the ALJ can reject the claimant's testimony about the severity of a claimant's symptoms only by offering "specific, clear and convincing reasons for doing so." Smolen, 80 F.3d at 1283-84; see also Reddick, 157 F.3d at 722. The ALJ must identify what testimony is not credible and what evidence discredits the testimony. Reddick, 157 F.3d at 722; Smolen, 80 F.3d at 1284.

**B.   Analysis**

In determining Plaintiff's RFC, the ALJ concluded that Plaintiff's medically determinable impairments reasonably could be expected to cause her alleged symptoms. (AR 18.) The ALJ, however, also found that Plaintiff's statements regarding the intensity, persistence and limiting effects of these symptoms were "not entirely credible." (AR 17, 18.) Because the ALJ did not make a finding of malingering, he was required to provide clear and convincing reasons supported by substantial evidence for discounting Plaintiff's credibility. Smolen, 80 F.3d at 1283-84. The ALJ did so.

First, the ALJ found that the objective medical evidence did not support the alleged severity of Claimant's symptoms. An ALJ is entitled to consider whether there is a lack of medical evidence to corroborate a claimant's alleged pain symptoms so long as it is not the only reason for discounting a claimant's credibility. Burch v. Barnhart, 400 F.3d 676, 680-81 (9th Cir. 2005). Here, the ALJ specifically found that Plaintiff's allegations of back pain, migraines, osteoarthritis, fibromyalgia and depression were inconsistent with the objective medical evidence. (AR 17.) The ALJ also found that Plaintiff's treatment was essentially routine, conservative non-emergency treatment limited to medication and routine follow-up care. (AR 18.) An ALJ may consider conservative treatment in evaluating credibility. Tommasetti v. Astrue, 533 F.3d 1035, 1039 (9th Cir. 2008). Impairments that can be controlled effectively with medication are not disabling. Warre v. Comm's of Soc. Sec., 439 F.3d 1001, 1006 (9th Cir. 2006). The ALJ found that the lack of more aggressive treatment suggests the Claimant's symptoms

are not as severe as alleged. (AR 18.) Plaintiff argues that medical evidence cannot be used to discredit the severity of Plaintiff's alleged pain symptoms but the Ninth Circuit has held otherwise as long as it is not the only reason for doing so. Rollins, 261 F.3d at 857 ("the medical evidence is still a relevant factor in determining the severity of the claimant's pain and its disabling effects"). The ALJ properly concluded that the objective medical evidence does not support the alleged severity of Plaintiff's symptoms. (AR 20.)

Second, the ALJ found that Plaintiff's daily activities are inconsistent with disabling limitations, which is a legitimate consideration in evaluating credibility. Bunnell, 947 F.2d at 345-46. The ALJ noted Plaintiff has described everyday activities that include doing laundry, washing dishes, preparing simple meals, takes cares of a cat and shops. (AR 17, 20.) She lives alone and did not need help in maintaining her residence. (AR 17.) She also worked as a cashier six or seven hours a week after the onset date which is not enough to establish substantial gainful activity but demonstrates Plaintiff is capable of doing more than claimed. (AR 18.) Plaintiff asserts that work activity should not be considered but the ALJ may consider the fact that Claimant worked despite alleged impairments. See Osenbrock v. Apfel, 240 F.3d 1157, 1165-66 (9th Cir. 2001). Plaintiff argues that her daily activities do not necessarily prove Plaintiff can work, but they do suggest Claimant has greater functional abilities than alleged. See Valentine v. Comm'r, 574 F.3d 685, 694 (9th Cir. 2009).

Plaintiff disputes the ALJ's interpretation of the evidence regarding the credibility of Plaintiff's subjective symptom allegations but it is the ALJ who is responsible for revolving conflicts in the medical evidence and ambiguities in the record. Andrews, 53 F.3d at 1039. Where the ALJ's interpretation of the record evidence is reasonable as it is here, it should not be second-guessed. Rollins, 261 F.3d at 857.

The ALJ discounted Plaintiff's subjective symptom allegations for clear and convincing reasons supported by substantial evidence.

\* \* \*

The ALJ's RFC is supported by substantial evidence.  The ALJ's nondisability determination is supported by substantial evidence and free of legal error.

**ORDER**

IT IS HEREBY ORDERED that Judgment be entered affirming the decision of the Commissioner of Social Security and dismissing this case with prejudice.

DATED: December 9, 2014             */s/ John E. McDermott*
JOHN E. MCDERMOTT
UNITED STATES MAGISTRATE JUDGE